# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTA RECORDS, INC., CAPITAL RECORDS, INC., VIRGIN RECORDS OF AMERICA, INC., SONY BMG MUSIC ENTERTAINMENT, INC., INTERSCOPE RECORDS, UMG RECORDINGS, INC., ELEKTRA ENTERTAINMENT GROUP, INC., WARNER BROS. RECORDS, INC.,<br><br>      **Plaintiffs**,<br><br>      v.<br><br>DOES 1 through 4,<br><br>      **Defendants**. | CIV- F-05-0682 AWI SMS<br><br>ORDER CLOSING THE CASE DUE TO PLAINTIFFS'S VOLUNTARY DISMISSALS |

On September 15, 2005, Plaintiffs filed their notice of voluntary dismissal of Doe Defendant No. 2, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). On September 27, 2005, Plaintiffs filed their notice of voluntary dismissal of remaining defendants, Doe Defendants Nos. 1, 3 and 4, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his

claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No answers to Plaintiffs's complaint and no motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served. Because Plaintiffs have exercised their right to voluntarily dismiss their complaint under Rule 41(a)(1), this case has terminated as explained by *Wilson v. City of San Jose.* 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light of Plaintiffs's Rule 41(a)(1) Voluntary Dismissals.

IT IS SO ORDERED.

**Dated:    September 28, 2005**             /s/ Anthony W. Ishii
0m8i78                                UNITED STATES DISTRICT JUDGE